45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Dr. Nelson Abreu GONZALEZ, et al., Plaintiffs, Appellants,
v.
Angel Luis Medina ARANA, et al., Defendants, Appellees.
 No. 94-2059.
 United States Court of Appeals,
First Circuit.
 Jan. 30, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Hector M. Laffitte, U.S. District Judge ]
 Nydia Maria Diaz-Buxo on brief for appellants.
 Manuel A. Segarra-Vazquez on brief for appellees.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellees move for summary affirmance of the district court's dismissal of this suit for lack of subject matter jurisdiction. The complaint alleges that jurisdiction exists under 28 U.S.C. Sec. 1331, because it "arises under" federal law. The sole claim pleaded, however, is a cause of action in tort for legal malpractice.
 
 
 2
 It appears that defendants once served as plaintiffs' counsel in an unsuccessful adversary action initiated by plaintiffs as chapter 13 debtors. Plaintiffs' appeal from the bankruptcy court judgment was dismissed for failure to timely perfect the appeal. Allegations of attorney misfeasance made at that time to explain the appellate processing delay, were referred to the bankruptcy court for investigation. In this separate lawsuit, begun in the district court some months later, plaintiffs seek $600,000 in damages allegedly sustained as a result of the malpractice. The district court granted defendants' unopposed motion to dismiss because the tort of attorney malpractice is a state-created claim and there is no diversity of citizenship between the parties.
 
 
 3
 Without explaining their lack of opposition below, plaintiffs here insist that their complaint "arises under" federal law because the legal malpractice is alleged to have occurred in the context of a federal proceeding and included a disregard of a federally-created procedural rule.
 
 
 4
 There is no general federal common law of torts, however. See O'Melveny & Myers v. FDIC, 114 S. Ct. 2048, 2052 (1994); Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). In the absence of a specific statute creating a federal cause of action, the traditional right to relief for legal malpractice is rooted in state law. See O'Melveny & Myers, 114 S. Ct. at 2055. While federal courts have the inherent power to regulate the conduct of attorneys appearing before them, plaintiffs' assumption that violation of a federal rule or ethical norm automatically creates a federal cause of action for damages is inconsistent with the provisions of the Rules Enabling Act. See 28 U.S.C. Sec. 2075 (bankruptcy rules shall not "abridge, modify or enlarge any substantive right"). This is not an extraordinary case in which reliance on state tort law as the rule of decision might create a conflict with a substantial federal policy. See generally O'Melveny & Myers, 114 S. Ct. at 2053-55; Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). Any federal question in this suit would likely emerge only as an intermediate step in resolving the pivotal tort questions of duty, breach, causation and damages.
 
 
 5
 Plaintiffs do not predicate jurisdiction on the authority of 28 U.S.C. Sec. 1334, and the abbreviated record before us reveals no reason to require an exercise of jurisdiction under that statute. No substantial issue appearing, appellees' motion is granted, and the judgment of the district court dismissing the complaint without prejudice is affirmed.